UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-24393-UNGARO/TORRES

STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
 )
    Plaintiff/Counter-Defendant, )
 )
v. )
 )
B&A DIAGNOSTIC, INC. n/k/a OASIS MEDICAL )
CENTER CORP., and ERNESTO ALVAREZ )
VELASCO, )
 )
    Defendants. )
 )
B&A DIAGNOSTIC, INC. n/k/a OASIS MEDICAL )
CENTER CORP., )
 )
    Counter-Plaintiff. )
 )

**B & A DIAGNOSTIC, INC.'S RESPONSE TO STATE FARM'S MOTION TO DISMISS
B & A'S COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW**

    Defendant/Counter-Plaintiff, B&A DIAGNOSTIC, INC. ("B&A"), by and through its undersigned counsel, files this Response to State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss B&A Diagnostic, Inc.'s Counterclaim; and B&A's Memorandum of Law and states as follows:

    **A.   INTRODUCTION**

    On May 5, 2014, State Farm filed an Amended Complaint for unjust enrichment and declaratory relief against B&A alleging that B&A submitted claims for auto insurance benefits for diagnostic x-ray services that State Farm alleges were unlawfully rendered to obtain insurance payments from State Farm.

On May 12, 2014, pursuant to Court Order (ECF No.46), B&A filed its Answer, Affirmative Defenses and Counterclaim to State Farm's Amended Complaint in accordance with Fed. R. Civ. Pro. 13(a).

In B&A's Counterclaim, B&A states State Farm underpaid the amounts owed for services rendered to State Farm's insureds set forth in Exhibits E, F, J, and K attached to the Amended Complaint. (Counterclaim.¶92). B&A further states that State Farm breached the subject insurance contracts by failing to pay for all Personal Insurance Protection Benefits ("PIP") and Medical Expense benefits as required by State Farm's policies and insurance contracts at issue and as required by Florida law. (*Id.* ¶102).

### B. B&A'S COUNTERCLAIM AND STATE FARM'S AMENDED COMPLAINT ARISE OUT OF THE SAME TRANSACTIONS AND OCCURRENCES

State Farm alleges in its Amended Complaint that Ernesto Alvarez Velasco ("Alvarez") and Jose Angel Ortiz Maza ("Ortiz") while working for B&A rendered radiologic services to State Farm's insureds that were unlawful. (Pl.'s Mot. To Dismiss 3). As a result, State Farm alleges that pursuant to Fla. Stat. § 627.736(b)(1) Alvarez' and Ortiz' services were unlawful and noncompensable and as a result B&A has been unjustly enriched. State Farm also seeks a declaratory judgment discharging State Farm from being obligated to pay **any of B&A's bills, to the extent they remain unpaid.** (ECF No. 47 ¶ 8).

State Farm's Amended Complaint alleges that B&A was unjustly enriched because it should not have been obligated to pay *any* payment for the services performed by Alvarez and Ortiz, which is the technical component of the services of taking x-rays, because the technical component of the services were performed unlawfully. However, State Farm's Amended Complaint raises no allegations that the professional component of the services performed by B&A were done

unlawfully. The professional services were provided by third party physicians who B&A paid to read and interpret each x-ray.

In other words, State Farm claims that it is not responsible for payment of B&A's professional services involving physicians' review and interpretation of each of the over 1,200 x-rays taken by B&A for State Farm's insureds. This is despite the fact that State Farm has completely ignored the value of professional services by failing to pay for the services in full and by failing to acknowledge or even mention the professional services components of B&A's services in State Farm's Amended Complaint.

### C. STANDARD OF REVIEW

To survive a Motion to Dismiss, Fed. R. Civ. P. 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ....claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). There can be no question that B&A's Counterclaim meets the Iqbal/Twombly standard.

### D. STANDING

Perplexingly, State Farm takes the legally incorrect position that B&A does not have standing to bring its Counterclaim as assignee because the underlying State Farm insureds are not named parties. State Farm simply ignores that the right of an assignee to sue for breach of contract to enforce assigned rights predates the Florida Constitution. *Nationwide Mutual Fire Insurance Co. v.*

3

*Pinnacle Medical, Inc.,* 753 So. 2d 55 (Fla. 2000), *citing Robinson v. Nix*, 22 Fla. 321 (1886). Once an insured had assigned his PIP benefits to his medical care providers he has no standing to pursue the action. *Garcia v. State Farm Mut. Auto. Ins. Co.*, 766 So. 2d 430 (Fla. 5th DCA 2000).

If State Farm's argument was correct, an assignee would never have the right to bring any claim unless the assignor also joined in the action, which would defeat the entire purpose of assignments. State Farm's only supporting case to this outlandish proposition is Allstate's Motion to Dismiss filed in *Vizcay* and the court's order granting the same by adopting it by reference. However, the court's order does not specifically address the standing argument and Allstate itself does not cite to any case law supporting its contention.[1]

Furthermore, State Farm's assertion that B&A as an assignee has no standing flies in the face of the Eleventh Circuit's holding that an assignee medical provider has derivative standing to bring a counterclaim (even though like the present case, the assignor was not a named party). *Cagle v. Bruner,* 112 F.3d 1510. 1513-1514 (11th Cir. 1997). In fact, the Eleventh Circuit pointed out that the interested plan participants and beneficiaries are better served by allowing provider-assignees to sue. *Id.* The court explained "if provider-assignees can sue for payment of benefits, an assignment will transfer the burden of bringing suit from plan participants and beneficiaries to providers who are better situated and financed to pursue an action for benefits owed for their services." *Id.*

B&A has standing to bring this action because every insured herein assigned his or her rights to B&A. B&A properly pled in its Counterclaim that each of the policy holders actually or equitably assigned his or her PIP benefits to B&A. (B&A Countercl. ¶ 100).

---

1 State Farm attached *State Farm v. Kugler* 11-cv80051 as Exhibit "A" to its Motion to Dismiss. *Kugler* is wholly inapplicable here. The Court in *Kugler* specifically predicated its decision on the fact that the counterclaim plaintiffs have no standing to argue fraud in State Farm's claims practices because they were neither the insureds on the policies at issue or "the insured's formal assignee." *Id.* at 3 n. 2. On the other hand, there is no dispute in this cause that B&A is the assignee of State Farm's insureds.

### E.  COMPULSORY COUNTERCLAIM

Fed. R. Civ. P. 13(a) defines a compulsory counterclaim as any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." In regard to the proper definition of "transaction or occurrence" courts generally have agreed that these words should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a). *Coachmen Indus., Inc. v. Royal Surplus Lines Ins. Co.*, No. 3:06-cv-959-J-HTS, 2007 U.S. Dist. LEXIS 46134, 2007 WL 1837842, at *13 (M.D. Fla. 2007). The court noted in footnote one that Rule 1 highlights concerns for efficiency by stating the rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action. *Id.*

The Eleventh Circuit applies the "logical relationship" test in order to determine if a counterclaim is compulsory. *Cruz v. Winter Garden Realty, LLC*, 2012 U.S. Dist. LEXIS 176734, 2012 WL 6212909 at * 4 (M.D. Fla. Nov. 27, 2012). Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant. *Id.* Moreover, a counterclaim is compulsory if a separate trial on the counterclaim would involve a substantial duplication of effort and time by the parties and the courts. *Id.*

According to the Eleventh Circuit as well as the Supreme Court, the term "transaction" has a "flexible meaning," that "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS 180990, 2013 WL 6713567(S.D. Fla., May 20, 2013) *citing Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000). *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, (1926). In *Moore,* the seminal Supreme Court case on counterclaims, the Court explained that facts alleged in the counterclaim are not

precisely identical to those of the subject matter of the suit, or that the counterclaim embraces additional allegations, does not matter. *Id.* To hold otherwise would be to rob this branch of the rule of all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are, in all particulars, the same as those constituting the defendant's counterclaim. *Id.*

State Farm's Amended Complaint and B&A's Counterclaim are a direct result of the same transaction and occurrence - the services performed by B&A upon the insureds named in Exhibits E, F, J and K to State Farm's Amended Complaint. The gravamen of State Farm's Amended Complaint is that B&A performed services for the named insureds unlawfully and as a result State Farm is seeking a judgment for unjust enrichment and declaratory relief alleging that because the services were unlawful they are entitled to receive B&A's services for free pursuant to Fla. Stat. § 627.736. In response, B&A is seeking through its Counterclaim a judgment for breach of contract, fraud and declaratory relief because State Farm did not pay and/or underpaid B&A for the technical component of its services which B&A argues was done lawfully as defined in Fla. Stat. 627.732(11)[2], as well as the professional component of the services performed by B&A for the insureds named in Exhibits E, F, J and K of State Farm's Amended Complaint.[3] B&A's Counterclaims mirror image State Farm's Amended Complaint. The ultimate question being presented to the Court is whether B&A should be compensated for B&A's technical services (x-rays) and professional service (third party physicians' read and analysis of the x-rays) performed for State Farm's insureds named in Exhibits E, F, J and K of State Farm's Amended Complaint; or whether State Farm gets over $1,000,000.00 of B&A's technical and professional services for free, of which the majority is exclusively for the professional services.

---

2 Lawful is defined as **substantial compliance** with all relevant applicable criminal, civil, and administrative requirements of state and federal law related to the provision of medical services or treatment.

6

In an effort to confuse the underlying issue, State Farm tries to compare, *Allstate Ins. Co. v. Vizcay,* 8:11-cv-00804-EAK-EAJ (M.D. Fla. April 12, 2011) and *U.S. v. Eckerd Corp.,* 184 F.R.D. 686 (M.D. Fla. 1999) to the unique circumstances here. Although at first glance *Vizcay and Eckerd* may give the mistaken impression that these two cases have some similarities to this case, a deeper look at *Eckerd* and *Vizcay* reveals these two cases differ substantially from the case at bar. In both *Vizcay* and *Eckerd,* the plaintiffs sued for **false or fraudulent statements.** (*Vizcay* ECF No. 1) (*Eckerd* ECF No. 1). The court in *Eckerd* found the underlying factual and legal principles to the two claims vastly different and did not rise from the same transaction because the United States alleged Eckerd acted **fraudulently**; and in response Eckerd counterclaimed that there were thousands of wrongful denials of claims it maintained were properly filed. *Eckerd* at 687. Likewise, in *Vizcay* as State Farm professed in its Motion to Dismiss, "the payment issues raised across 247 different patients did not logically relate to the **fraud scheme** alleged by Allstate in the *Vizcay* complaint. (Pl.'s Mot. To Dismiss 3) citing *Vizcay* (ECF 10-11).

In contrast, here, State Farm, as the master of its complaint, does not allege that any fraud occurred. State Farm is suing B&A for unjust enrichment for services performed by B&A pertaining to the insureds set forth in Exhibits E, F, J, and K attached to the Amended Complaint. State Farm alleges that Alvarez, even though he was certified by the American Registry of Radiologic Technicians, did not possess the proper certification from the state of Florida to perform x-rays on the insureds and Ortiz allegedly performed x-rays on the insureds without proper supervision as required by Florida law. As a result, State Farm alleges these services were performed unlawfully. Duplicating State Farm's facts and occurrences produces the flip side of the very same circumstances which establishes B&A's breach of contract action claim against State

---

3 State Farm has not alleged that the professional component of B&A services were performed unlawfully.

Farm. The parties are suing each other for the same services that were performed by the same people, for the same people and in the same transactions and occurrences. Furthermore, in *Eckerd,* the court noted that justice and economy would not be served because Eckerd by its own admission admitted the complaint involved instances that by were too numerous to list. *Eckerd* at 688. Here, however, State Farm already listed the insureds who assigned their claims to B&A in Exhibits E, F, J and K of State Farm's Amended Complaint.

### B&A'S COUNTERCLAIM SEEKS PAYMENTS FOR THE UNPAID TECHNICAL AND PROFESSIONAL COMPONENT OF ITS SERVICES WHICH ARE THE SAME BILLS STATE FARM IS SEEKING TO DISCHARGE ITSELF FROM PAYING THROUGH ITS COUNT FOR DECLARATORY RELIEF

As previously stated, State Farm's Amended Complaint only alleges that the technical component of B&A's services were done unlawfully[4], State Farm is surreptitiously seeking a declaratory judgment which would relieve State Farm from any obligations to **pay any of B&A's bills, to the extent they remain unpaid**. (ECF No. 47 ¶ 8). This is State Farm's back handed scheme to relieve itself from its lawful obligation to compensate B&A for **any** of the services performed for its insureds including the professional component of each bill which it has not contended B&A improperly performed or billed unlawfully.

Florida Statutes § 627.736(5)(a) states:

> "A physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a reasonable amount pursuant to this section *for the services and supplies rendered...*"

There are two components to PIP billing; the technical component and the professional component. *Regional MRI of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, 884 So. 2d 1102, 1103

---

4 In fact, State Farm admits that it "does not raise any issue regarding State Farm insureds that received treatment from anyone other than Alvarez or Ortiz." (Mot. to Dismiss 4).

8

(Fla. 5th DCA 2004). Clinics can use a "global" code to bill insurers which includes both the technical and professional components of the services rendered. *Id.*

B&A billed State Farm with global codes pursuant to *Regional MRI*. B&A's Counterclaim is claiming breach of contract because State Farm failed to pay for most of B&A's services and underpaid the amounts owed under the subject policies for the technical component and the professional component performed for the insureds set forth in Exhibits E, F, J and K attached to the Amended Complaint. These are the same transactions and occurrences which State Farm is seeking a declaratory judgment which would relieve State Farm from any obligations to **pay any of B&A's bills, to the extent they remain unpaid** (ECF No. 47 ¶ 8). After choosing to bring this lawsuit asserting claims against B&A, State Farm is trying to shirk from the legal risks and consequences it faces through B&A's Counterclaim. However, as the late Judge Leonore C. Nesbitt of the Southern District of Florida explained "it is only fair to require those who may benefit from a lawsuit to undertake some of its risks…Those who choose to join in a lawsuit assert claims against a defendant must be prepared to accept the legal risks and consequences of their voluntary choice. In stark and simple terms, one who throws a punch ought to be ready to receive one in return." *Davis v. Southern Bell Telephone & Telegraph,* 1994-1 Trade Cas (CCH) P 70,510 (S.D. Fla. 1994)

Because State Farm is seeking to circumvent its obligations to pay any of B&A's bills for the subject technical and professional services, B&A should be entitled to bring this mirror image Counterclaim which arises out of the same transactions and occurrences to recover payments for the identical services State Farm has refused to pay for.

# THE DECLARATORY RELIEF COUNT SEEKS "ACROSS THE BOARD" RELIEF THAT DOES NOT REQUIRE A CLAIM-BY-CLAIM DETERMINATION AND IS OTHERWISE PROPERLY PLED

State Farm argues that the Declaratory Relief count in B&A's Counterclaim is improper because such broad-based relief is not available for issues that require claim by claim determinations.(Mot. to Dismiss 13). Even a cursory glance at the declaratory relief count shows that nothing more than across the board review of State Farm's policies and practices is required to provide the relief sought. State Farm cites to *Geico Gen. Ins. Co. v. Virtual Imaging Servs.*, 2013 Fla. LEXIS 1387, 38 Fla. L. Weekly S 517, 2013 WL 3332385 (Fla. July 3, 2013) which actually proves the point it seeks to refute. *Virtual Imaging* makes B&A's Declaratory Relief claim very straightforward.

*Virtual Imaging* clearly states that an insurer cannot take advantage of the Medicare fee schedule in Fla. Stat. § 627.736(5)(a)2 as a basis for limiting reimbursement without giving the required notice to its insured by electing the permissive Medicare fee schedules in its policy. *Id.*

The Supreme Court explained that the PIP statute provides that the Medicare fee schedules are one possible method of calculating reimbursements to satisfy the PIP statute's reasonable medical expenses coverage mandate, but does not provide that they are the only method of doing so. *Id.*

Despite the unequivocal holding in *Virtual Imaging*, State Farm has continued its willful and wanton disregard of Florida law by maintaining practice and payment policies in violation of Florida law as alleged in B&A's Counterclaim. ¶¶ 109-114. There is no reason to sift through thousands of claims and do a case-by-case analysis as State Farm argues is necessary. Instead, all that must be ascertained is whether State Farm should pay for B&A's global services and be prohibited from similar payment avoidance misconduct in the future.

### F. PERMISSIVE JOINDER

Fed. R. Civ. P. 13(b) states: Permissive Counterclaim. A pleading may state as a counterclaim against an opposing party any claim that is not compulsory. To bring a permissive counterclaim a party must be able to satisfy independent grounds for jurisdiction such as federal question or diversity jurisdiction, for the counterclaim to proceed in federal court. *Perez v. S. Fla. Landscape Maint., Inc.*, 2014 U.S. Dist. LEXIS 9549, 2014 WL 293774 (S.D. Fla. Jan. 22, 2014).

The manner in which the amount in controversy is calculated and the joinder of claims against an opposing party is a matter of federal procedural law. *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 2009 U.S. Dist. LEXIS 71308, 23 Fla. L. Weekly Fed. D 50 (M.D. Fla. 2009). "Rule 18(a) of the Federal Rules of Civil Procedure grants the plaintiffs complete freedom to join in a single action all claims that they may have against any of the defendants." *Id.* A single plaintiff is permitted to aggregate all of his or her claims against a single defendant, regardless of relation to one another, when calculating the jurisdictional minimum even if the claims are unrelated. *Id.* In addition, "the well-supported current view is that Rule 13(b) operates to remove the past restrictions on unrelated counterclaims and to allow the **broadest possible** joinder of permissive counterclaims." 6 Fed. Prac. & Porc. Civ. § 1420(3d ed.) (emphasis added).

B&A's claims meet the jurisdictional requirements because B&A is a Florida corporation while State Farm is an Illinois corporation which creates diversity jurisdiction and B&A has properly pled damages exceeding $75,000.00.

Even if B&A's claims did not meet the jurisdictional requirement, B&A should still be allowed to bring its permissive counterclaim because it would be judicially inefficient to allow B&A to raise the affirmative defense of set-off, yet deny them affirmative relief for the damage Plaintiff

allegedly caused. *Nelson v. CK Nelson, Inc.*, 2008 U.S. Dist. LEXIS 43544, 2008 WL 2323892 (S.D. Fla. June 2, 2008) To be sure, there is a line of cases recognizing that permissive counterclaims for set-off may proceed, despite the lack of an independent basis for jurisdiction, when the counterclaim is interposed defensively as a set-off to reduce a plaintiff's recovery but does not seek affirmative relief. *Id. See Lefkovitz v. Wagner*, 395 F.3d 773, 781 (7th Cir. 2005); *United States v. Heyward-Robinson Co.*, 430 F.2d 1077, 1081 n.1 (2d Cir. 1970); *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970); *Owner-Operator Independent Drivers Assoc., Inc. v. Arctic Express, Inc.*, 238 F. Supp. 2d 963, 969 (S.D. Ohio 2003); *Allapattah Svcs., Inc. v. Exxon Corp.*, 157 F. Supp. 2d 1291, 1322-23 (S.D. Fla. 2001). It is no longer thought the heavens will fall if a federal court deals with a non-federal claim when it is convenient to do so. *United States v. Heyward-Robinson Co.*, 430 F.2d 1077, 1080 (2nd Cir. 1970) Thus, if this exception applies it would allow defendants to present evidence to reduce plaintiff's recovery, if plaintiff prevails. *Nelson* at 7

## G.     B&A'S FRAUD COUNT MEETS THE HEIGHTENED PLEADING STANDARD IN <u>FEDERAL RULE OF CIVIL PROCEDURE 9(B)</u>

Rule 9(b) requires that in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. *Hill v. Morehouse Medical Associates, Inc .*, 2003 U.S. App. LEXIS 27956, 2003 WL 22019936 (11th Cir. 2003). The purpose of Rule 9(b)'s particularity requirement is to alert defendants to the precise misconduct with which they are charged and protect defendants against spurious charges of immoral and fraudulent behavior. *Id.* The particularity requirement, however, must be read in conjunction with Rule 8's directives that a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each averment of the complaint should be simple, concise, and direct. *Id.* A court considering a motion to dismiss for failure to plead fraud with particularity should always be careful

to harmonize the directives of rule 9(b) with the broader policy of notice pleading found in Rule 8. *Id.*

Thus, to comply with Rules 8 and 9(b), some indicia of reliability must be given in the complaint to support the allegation of fraud. *Id.* To that end, the plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them. *Id.* Therefore, pleadings generally cannot be based on information and belief. *Id.* Rule 9(b)'s heightened pleading standard may be applied less stringently, however, when specific factual information about the fraud is peculiarly within the defendant's knowledge or control. *Id.* "We have held that when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the Rule 9(b) standard is relaxed." *Id.* In that instance, the plaintiff may plead based upon information and belief provided that plaintiff accompanies her legal theory with factual allegations that make the theoretically viable claim plausible when evidence of fraud is uniquely held by the defendant provided that the complaint sets forth a factual basis for such belief. *Id.*

It is unclear what more State Farm is contending should have been pled. B&A has properly alerted State Farm of the precise misconduct with which it is charged by setting forth a short and plain statement in a simple, concise manner that notifies State Farm of the facts as to time, place, and substance of State Farm's alleged fraud, specifically the details of the defendants allegedly fraudulent acts, when they occurred, and who engaged in them (see Counterclaim. Count I Fraud ¶¶ 83-88).

## H. CONCLUSION

In conclusion, B&A respectfully requests that the Court deny State Farm's Motion to Dismiss B&A's Counterclaim.

Dated this 27th day of June, 2014.

Respectfully submitted,

By: /s/ Lewis J. Levey
LEWIS J. LEVEY
Fla. Bar No. 628336
Llevey@Leveylaw.com

By: /s/ Mendy Lieberman
MENDY LIEBERMAN
Fla. Bar No. 93236
mlieberman@Leveylaw.com
LEVEY LIEBERMAN LLP
1688 Meridian Avenue, Suite 900
Miami Beach, Florida 33139
(305) 672-5007 (Telephone)
(305) 672-0470 (Facsimile)
Attorney for Defendant B&A Diagnostic

## Certificate of Service

I HEREBY CERTIFY that on 27th day of June, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Akerman, LLP, 222 Lakeview Avenue, Suite 400, West Palm Beach, Florida 33401and and Las Olas Centre II, Suite 1600, 350 East Las Olas Boulevard, Fort Lauderdale, Florida 33301; David I. Spector, Esq., david.spector@akerman.com; and Sandra Lynn Heller, Esq., sandra.heller@akerman.com and B&A Diagnostic, Inc. n/k/a Oasis Medical Center Corp., 8150 South West 8th Street, #118, Miami, Florida 33144.

By: /s/ Mendy Lieberman
MENDY LIEBERMAN
Fla. Bar No. 93236
mlieberman@Leveylaw.com
LEVEY LIEBERMAN LLP
1688 Meridian Avenue, Suite 900
Miami Beach, Florida 33139
(305) 672-5007 (Telephone)
(305) 672-0470 (Facsimile)

Z:\2794\001\REPLYTO MTD.DOC6/27/2014-12:7